IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80,880-01






EX PARTE ALFRED VEGIA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 07-CR-2805 IN THE 28TH DISTRICT COURT


FROM NUECES COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with
intent to deliver cocaine and sentenced to seven years' imprisonment. 

 Applicant contends that he is being denied credit for time spent released on mandatory
supervision prior to revocation. Applicant has alleged facts that, if true, might entitle him to relief. 
Ex parte Spann, 132 S.W.3d 390 (Tex. Crim. App. 2004). In these circumstances, additional facts
are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the
trial court is the appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit listing whether Applicant qualifies for street time credit under Tex. Gov't
Code §508.283(c), and if so, whether he has been given such credit. The affidavit should indicate
whether or not Applicant has submitted his claim to the time credit resolution system of TDCJ, and
if so, the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
has properly exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial court shall then make findings and conclusions as to whether Applicant qualifies for
street time credit under Tex. Gov't Code §508.283(c), and if so, whether he has been given such
credit. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: March 12, 2014

Do not publish